AO 91 (Rev. 5/85) Criminal Complaint    BLUESTEIN/STATE DEPT.    AUSA CHASE

# United States District Court

SOUTHERN _____ DISTRICT OF _____ FLORIDA

UNITED STATES OF AMERICA

v.

Marisol Hernandez Garcia,
a/k/a Johanna Nieves Gerena,
a/k/a Katherine Sanchez,

**CRIMINAL COMPLAINT**

CASE NUMBER: 09-6238-BSS

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief.

On or about <u>June 18, 2009</u>, in <u>Broward</u> County, in the <u>Southern</u> District of <u>Florida</u>, the defendant did willfully and knowingly use, and attempt to use, a passport, the issue of which was secured by reason of a false statement in an application for a U.S. passport, in violation of Title <u>18</u>, United States Code, Section <u>1542</u>.

I further state that I am a <u>Special Agent for the Department of State</u> and that this complaint is based on the following facts:

Please see attached affidavit.

Continued on the attached and made a part hereof:    [X] Yes  [ ] No

_____
Daniel Bluestein
Special Agent, Diplomatic Security
Department of State

Sworn to before me, and subscribed in my presence,

June 25, 2009                                at    Fort Lauderdale, Florida
Date                                                City and State

BARRY S. SELTZER
UNITED STATES MAGISTRATE JUDGE                      _____
Name and Title of Judicial Officer                  Signature of Judicial Officer

## AFFIDAVIT

I, Daniel Bluestein, having been duly sworn, hereby depose and state:

1. I am employed as a Special Agent with the United States Department of State, Bureau of Diplomatic Security (hereinafter "DS") and am assigned to the Miami Field Office in Miami, Florida. I have been employed as a Special Agent since 2008. Currently, I conduct investigations into criminal violations of the laws related to U.S. passports, U.S. visas and other travel documents used to transit international borders.

2. I make this affidavit based upon my personal knowledge and investigation as well as information received from other criminal investigators. Because this affidavit is submitted for the limited purpose of establishing probable cause for a criminal complaint, it does not include every fact known by me in connection with this investigation.

3. On or about June 18, 2009, Marisol Hernandez Garcia (hereinafter "subject") was encountered by Customs and Border Protection (CBP) officers at the Ft. Lauderdale/Hollywood International Airport in Fort Lauderdale, Florida enroute from the Dominican Republic. The subject presented a U.S. passport issued on September 10, 2008 in the name of Johanna Nieves Gerena (passport number 449803477) born on June 08, 1976 in Puerto Rico, U.S.A. During secondary inspection, CBP officers fingerprinted and interviewed the subject and determined that she was not the true Johanna Nieves Gerena. The subject's fingerprint results identified two previous encounters with CBP: on October 10, 1998 using the name Marisol Hernandez Garcia born on June 02, 1971, and on December 13, 2001 using the name Katherine Sanchez born on November 05, 1974. CBP officers issued a Miranda warning to the subject at which time she waived her rights and consented to speak to the officers. The subject admitted that her true name was Marisol Hernandez Garcia, born on June 02, 1971 and that she had obtained a U.S. passport by fraudulently using a birth certificate in the name of Johanna Nieves Gerena.

4. On or about June 18, 2009, your affiant and DS Agent Michelle Tongratanasiri interviewed the subject. Prior to the interview, the subject was issued a Miranda warning at which time she signed a waiver of rights form

and consented to an interview. The subject stated that her true name was Marisol Hernandez Garcia born on June 02, 1971 in the Dominican Republic. The subject then stated that she found documents in a taxicab in Pennsylvania including a Puerto Rican birth certificate, Social Security card and divorce papers and used these documents to fraudulently obtain a Pennsylvania driver's license and subsequently a U.S. passport in the name of Johanna Nieves Gerena. The subject also admitted using the U.S. passport to travel on multiple occasions to the Dominican Republic and once to the Bahamas. Although the subject had flown through New York City on most occasions, she transited from Santo Domingo, Dominican Republic to Fort Lauderdale, Florida on June 18, 2009. She stated that she obtained the U.S. passport because she was desperate to see her sick mother, "Augustina," in Santo Domingo. The subject also advised that she had requested a legitimate U.S. visa at the Consulate in the Dominican Republic approximately fifteen years ago but her request was denied. At the conclusion of the interview, the subject was shown a copy of the Application for a U.S. Passport (Form DS-11) in the name of Johanna Nieves Gerena. The subject verified that the photograph attached to the application was hers and that she had filled out the application and signed it in the name "Johanna Nieves Gerena."

5. On or about June 23, 2009, agents obtained a copy of the Department of State Consolidated Consular Affairs Non-Immigrant Visa (NIV) applicant record (Number 1997196 285 0017) for Marisol Edelmira Hernandez born on June 02, 1971 in the Dominican Republic. The record indicated that Hernandez applied for a B1/B2 NIV on July 15, 1997 in Santo Domingo using a Dominican Republic passport (number 96101726) but was refused.

6. On June 23, 2009, agents obtained a copy of the Dominican Republic credit bureau report containing photographs and identifying information for Marisol Edelmira Hernandez Garcia born on June 02, 1971. Hernandez was assigned Dominican Republic national identity number 001-0386120-9. Records indicated that her mother's name was Agustina Garcia and her father's name was Pedro Hernandez. This photograph of Hernandez appeared to be the subject.

7. Based on the above facts and circumstances, your affiant has probable cause to believe, and does believe

that on or about June 18, 2009, in Broward County, in the Southern District of Florida, the defendant, Marisol Hernandez Garcia did willfully and knowingly use, and attempt to use, a passport, the issue of which was secured by reason of a false statement in an application for a U.S. passport, in violation of Title 18, United States Code, Section 1542.

FURTHER AFFIANT SAYETH NAUGHT.

Daniel Bluestein
SPECIAL AGENT
DIPLOMATIC SECURITY
U.S. DEPARTMENT OF STATE

Sworn to and subscribed before me
this 25th day of June, 2009.

BARRY S. SELTZER
UNITED STATES MAGISTRATE JUDGE