UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,          CASE NO.: 09-CR-60170-JORDAN

Plaintiff,

vs.

**MARISOL HERNANDEZ GARCIA,**

Defendant(s).
_____/

## SENTENCING SUBMISSION AND MEMORANDUM OF LAW ON BEHALF OF MARISOL HERNANDEZ-GARCIA

The Defendant, Marisol Hernandez-Garcia, by and through her undersigned counsel, and pursuant to Rule 32(f) of the Federal Rules of Criminal Procedure, Rule 88.8 of the Local Rules for the United States District Court for the Southern District of Florida, and the Due Process Clause of the Fifth Amendment of the United States Constitution, respectfully files this Sentencing Submission to assist this court in determining a reasonable sentence pursuant to §3553(a) of Title 18 of the United States Code.

In Section 3553(a), Congress requires the imposition of a sentence "sufficient but not greater than necessary" to meet the criteria enumerated in that section. Ms. Hernandez-Garcia sets forth herein her statement of facts and arguments of law which suggests that a sentence below the advisory guideline range of ten to sixteen months would serve as adequate punishment based upon the nature of the acts conducted by the defendants when weighed against mitigating circumstances which exists of a kind or to a degree not

adequately taken into consideration by the sentencing guidelines based upon the criteria set forth in Section 3553(a) in light of the United States Supreme Court's holding in *United States v. Booker*, 125 S.Ct. 738 (2005).

## STATEMENT OF FACTS

Marisol Hernandez-Garcia is married, a mother, and a woman who has maintained steady employment for the past ten years. She has been in a relationship with her husband, Gerardo Yoy, for more than 16 years and together they have raised a daughter, Jennifer Yoy.

While Ms. Hernandez-Garcia has no criminal history, she was the subject of a removal order by INS on October 5th, 1998. Subsequently, she fraudulently applied for and obtained a passport under the name of Johanna Nieves Gerena. These facts are the basis for the Single Count Indictment pending and subsequent entry of guilty plea by Ms. Hernandez-Garcia.

## MEMORANDUM OF LAW IN SUPPORT OF MS. HERNANDEZ-GARCIA'S REQUEST FOR A DOWNWARD VARIANCE

In *United States v. Booker*, the Supreme Court held that the United States Sentencing Guidelines, as written, were unconstitutional. The Court created its own remedy by excising those portions of the federal sentencing statutes which made the guidelines mandatory in order to satisfy the Sixth Amendment of the United States Constitution. The Supreme Court held, "the Sixth Amendment right to trial by jury is violated where under a mandatory guideline system a sentence is increased because of enhancements based on facts found by the judge that were neither admitted by the defendant or found by the jury." *United States v. Rodriguez*, 398 F.3d 1291 (11th Cir. 2005). The remedy crafted by the Court in *Booker*

2

mandates that District Courts must calculate and apply the guidelines as they now exists, but *Booker* error occurs when the District misapplies the guidelines by considering them "binding" as oppose to "advisory."

Aside from the advisory sentencing guidelines, 18 U.S.C. §3558(a) states that "the court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this section." *See,* 18 U.S.C. §3553(a). The criteria enunciated by Congress in the statute requires that a sentence be imposed to reflect various public concerns, including the need of a sentence: (1) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (2) to afford adequate deterrence to criminal conduct; (3) to protect the public from further crimes of the defendant; and (4) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. We believe the application of these factors also warrant the imposition of a sentence well below the advisory guideline range.

## APPLICATION OF CRITERIA IN §3553(A).

The sentencing guidelines total offense level of 12 implicates an advisory sentencing range of 10 to 16 months. However, the unique circumstances of this case warrant a downward variance. Ms. Hernandez-Garcia traveled to the Dominican Republic because she was desperate to see her sick mother, Agustina Garcia. The defendant's mother is 70 years old and suffers from various medical conditions including high blood pressure. There is no

ROBBINS, TUNKEY, ROSS, AMSEL, RABEN & WAXMAN, P. A.
LAWYERS PLAZA, FOURTH FLOOR, 2250 SOUTHWEST THIRD AVENUE, MIAMI, FLORIDA 33129-2095
DADE CO. (305) 858-9550 • BROWARD CO. (954) 522-6244 • TOLL FREE (800) 226-9550 • FACSIMILE (305) 858-7491

evidence Ms. Hernandez-Garcia acted out of personal gain or any other venal purpose. There is no allegation or evidence to suggest the defendant was engaged in any other unlawful activity in the factual circumstances regarding her travel with a fraudulently obtained U.S. passport.

In *United States v. Singh*, 224 F. Supp. 2d 962(E.D. Pennsylvania 2002), the defendant pled guilty to an attempted illegal reentry after deportation in violation of 8 U.S.C. §1326(a). The defendant entered the United States to visit his dying mother. The court analyzed the purpose behind §1326 and applied the factors enumerated in §3553(a)(2). The court concluded Mr. Singh posed no threat to society and granted a downward departure from 37 to 46 months to 21 months. Similarly, in *United States v. Galvez-Barrios*, 353 F. Supp 2d 958 (E.D. Wisconsin 2005), the defendant pled guilty to a violation of §1326 and faced a guideline range of 41 to 51 months. In sentencing the defendant to 24 months, the court applied the relevant §3553(a) criteria and found:

1. The defendant reentered after conviction of a serious felony offense.
2. The defendant was law abiding after his illegal reentry.
3. He had steady employment and maintained stable family relationships.
4. He was not a danger to society.

ROBBINS, TUNKEY, ROSS, AMSEL, RABEN & WAXMAN, P.A.
LAWYERS PLAZA, FOURTH FLOOR, 2250 SOUTHWEST THIRD AVENUE, MIAMI, FLORIDA 33129-2095
DADE CO. (305) 858-9550 • BROWARD CO. (954) 522-6244 • TOLL FREE (800) 226-9550 • FACSIMILE (305) 858-7491

The Court went on to discuss the apparent unwarranted sentencing disparity for §1326 offenses and opined:

> The disparity occurs because certain judicial districts utilize so-called "fast track programs". . . Through charge bargaining or stipulated departures, these programs allow a 1326 offender who agrees to a quick guilty plea and uncontested removal to receive a reduced sentence. In the Southern District of California, for example, defendants subject to a 20 years statutory maximums and guideline ranges of 70 to 87 months were allowed to plead guilty to an offense carrying a two year statutory maximum penalty. [cit. omitted]. In other border districts, defendants received downward departures to induce fast-track pleas. Recently, in the PROTECT ACT, Congress made fast-track programs official, [cit. omitted] and the Commission then enacted a guideline, §5K3.1, providing for a 4-level departure on the government's motion pursuant to an early disposition program.

The Court went on to observe that defendant's in California or Arizona will receive a lighter sentence than an illegal alien with the same offense and record in Wisconsin. Sentencing disparities are not warranted when dependant upon the accident of the judicial district in which the defendant is arrested. *See*, ***United States v. Bonnet-Grullon***, 53 F. Supp 2d 430 (S.D.N.Y. 1999), *aff'd*. 212 F.3d 692 (2d Cir. 2000).

Ms. Hernandez-Garcia has done everything possible, through counsel, to expeditiously resolve her case. She faces a deportation order upon completion of her incarceration. Presumably, this will involve additional time in the custody of ICE while her deportation proceeds through its logical and legal course.

## CONCLUSION

Ms. Hernandez-Garcia has accepted responsibility and pled guilty in an expeditious fashion. She remains incarcerated while she awaits her ultimate deportation to the Dominican Republic. The facts and circumstances of this case warrant a downward variance.

Respectfully Submitted,

ROBBINS TUNKEY, ROSS, AMSEL,
AMSEL & RABEN, P.A.
2250 S.W. 3rd Avenue, 4TH Floor
Miami, Florida 33129
Tel: (305) 858-9550
Fax (305) 858-7491

By: _____
DAVID RABEN
FLA BAR NO.: 308641

## CERTIFICATE OF SERVICE

**IT IS HEREBY CERTIFIED**, that a true and correct copy of the foregoing was this 29th day of July, 2009, forwarded to the Clerk of the Court and all Counsel of Record via CM/ECF.

ROBBINS TUNKEY, ROSS, AMSEL,
AMSEL & RABEN, P.A.

By: _____
DAVID RABEN
FLA BAR NO.: 308641

ROBBINS, TUNKEY, ROSS, AMSEL, RABEN & WAXMAN, P.A.
LAWYERS PLAZA, FOURTH FLOOR, 2250 SOUTHWEST THIRD AVENUE, MIAMI, FLORIDA 33129-2095
DADE CO. (305) 858-9550 • BROWARD CO. (954) 522-6244 • TOLL FREE (800) 226-9550 • FACSIMILE (305) 858-7491